IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| DELMER B. GARRETT, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v.  ) | Case No. 05-CV-0399-CVE-PJC |
| ) | |
| ENDEAVOR ENERGY RESOURCES, ) | |
| LP, and AUTRY STEPHENS, ) | |
| ) | |
| Defendants. ) | |

**OPINION AND ORDER**

Now before the Court for consideration are the following motions: Defendant Endeavor Energy Resources, L.P.'s Amended Motion to Dismiss (Dkt. # 26); plaintiff's motion for summary judgment (Dkt. # 24); and Plaintiff's Objection and Motion to Strike Rick D. Wescott's Frivolous Paper Styled as "Defendant Endeavor Energy Resources, L.P.'s Response to Plaintiff's Objection to All of Defendant's Exhibits" (Dkt. # 37). Defendant's original motion to dismiss (Dkt. # 23) is moot because of the filing of its amended motion to dismiss.

**I.**

Plaintiff filed a complaint alleging five claims against Endeavor Energy Resources, L.P. ("Endeavor"). The complaint contains almost no factual allegations suggesting the nature of his claim. From the allegations in the complaint, it appears that plaintiff claims that he had a contract with Belport requiring it to pay plaintiff royalties for using an oil and gas line. Plaintiff claims that Endeavor purchased the gas line and all contractual obligations held by Belport, and that Endeavor has breached this contract, stolen gas traveling in interstate commerce, and committed fraud by stealing gas and keeping improper records. Endeavor has filed a motion to dismiss claiming that it does not have a contract with plaintiff and denies having any interest in the gas line owned by

plaintiff. It also argues that the Court lacks subject matter jurisdiction over plaintiff's claims, because the well pleaded allegations of the complaint do not invoke the federal question jurisdiction of this Court.

## II.

When reviewing a motion to dismiss under Rule 12(b)(6), the court must construe the allegations of the complaint as true and view the allegations in the light most favorable to the nonmoving party. Moffett v. Halliburton Energy Services, Inc., 291 F.3d 1227, 1231 (10th Cir. 2002). A Rule 12(b)(6) motion "should not be granted unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Sutton v. Utah State School for the Deaf & Blind, 173 F.3d 1226, 1236 (10th Cir. 1999).

## III.

Plaintiff's complaint bases federal question jurisdiction on the applicability of 30 U.S.C. § 1719, part of the Federal Oil and Gas Royalty Management Act ("FOGRMA"), which authorizes the Secretary of Interior to impose civil penalties for any person who fails to comply with federal mineral leasing law.[1] The legislative findings included with FOGRMA specifically provide that "the Secretary of Interior should enforce effectively and uniformly existing regulations under the mineral leasing laws providing for the inspection of production activities on lease sites on Federal and Indian land." 30 U.S.C. § 1701. This shows two basic problems with plaintiff's complaint.

---

[1] In his response, plaintiff claims that he properly invoked diversity jurisdiction under 28 U.S.C. § 1332. Although plaintiff requests more than $75,000 in damages, he does not include allegations about the citizenship of the parties, making it impossible for the Court to consider diversity of citizenship as a basis for jurisdiction in this case.

FOGRMA was not intended to be enforced by private individuals, as it expressly avoids creating a private right of action. FOGRMA established a comprehensive administrative process for regulating federal oil and gas royalties and can be enforced only through administrative action by the Department of Interior. See Santa Fe Energy Products Co. v. McCutcheon, 90 F.3d 409, 411 (10th Cir. 1996). The Tenth Circuit has held that neither FOGRMA nor its accompanying regulations creates a private right of action. Coosewoon v. Meridian Oil Co., 25 F.3d 920, 929 (10th Cir. 1994). In order to make a claim under FOGRMA, plaintiff would have to notify the Secretary of Interior and the Secretary could begin administrative action if he found the claim had merit. See 30 U.S.C. § 1719. Even if FOGRMA did create a private right of action, plaintiff makes no allegations that his oil and gas line runs over federal or Indian land, precluding applicability of the act. The Court does not have federal question jurisdiction to hear plaintiff's claim based on 30 U.S.C. § 1719. Plaintiff has not presented any other colorable basis for this Court to exercise jurisdiction under 28 U.S.C. § 1331 and his complaint must be dismissed.

## IV.

Assuming that the Court had subject matter jurisdiction, Endeavor also argues that plaintiff has not stated his fraud claims with particularity as required under Fed. R. Civ. P. 9(b). Plaintiff's complaint contains conclusory allegations of fraud in paragraphs 4 and 5; however, plaintiff must allege specific facts to put Endeavor on notice as to what facts allegedly give rise to a fraud claim. Curtis Ambulance of Florida, Inc. v. Bd. of County Commissioners of County of Shawnee, 811 F.2d 1371, 1386 (10th Cir. 1987). "Rule 9(b) requires that pleadings contain explicit rather than implied expression of the circumstances constituting fraud." San Juan Products, Inc. v. San Juan Pools of Kansas, Inc., 849 F.2d 468, 472 (10th Cir. 1988). The Court finds that plaintiff has not stated his

fraud claims with particularity, because plaintiff's complaint does not provide any factual allegations to support a fraud claim.

Plaintiff is a pro se litigant and the Court has construed the allegations in his complaint broadly. Haines v. Kerner, 404 U.S. 519, 520-21 (1972); Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991). However, Plaintiff's pro se status does not excuse him from complying the pleading rules under the federal rules of civil procedure. The Tenth Circuit has issued a published opinion rebuking this plaintiff for failing to comply with the Federal Rules of Civil Procedure and for filing meritless claims. Garrett v. Selby Connor Maddux & Janer, 425 F.3d 836 (10th Cir. 2005). Even construing the allegations in plaintiff's complaint liberally, plaintiff has not stated a claim for fraud.

**IT IS THEREFORE ORDERED** that Defendant Endeavor Energy Resources, L.P.'s Amended Motion to Dismiss (Dkt. # 26) is **granted**. Plaintiff's motion for summary judgment (Dkt. # 24), Plaintiff's Objection and Motion to Strike Rick D. Wescott's Frivolous Paper Styled as "Defendant Endeavor Energy Resources, L.P.'s Response to Plaintiff's Objection to All of Defendant's Exhibits" (Dkt. # 37), and Defendant Endeavor Energy Resources, L.P.'s Motion to Dismiss (Dkt. # 23) are **deemed moot**. This is a final order terminating this case.

**DATED** this 28th day of July, 2006.

_____
CLAIRE V. EAGAN, CHIEF JUDGE
UNITED STATES DISTRICT COURT