IN  THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **DELMER B. GARRETT,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | )   Case No. 05-CV-0399-CVE-PJC |
| | ) |
| **ENDEAVOR ENERGY RESOURCES,** | ) |
| **LP, and AUTRY STEPHENS,** | ) |
| | ) |
| **Defendants.** | ) |

**OPINION AND ORDER**

Now before the Court is Delmer B. Garrett's Motion to Vacate the Court's Opinion and Order Dismissing this Instant Case/the Dismissal Amounts to a Denial of Due Process (Dkt. # 49). The Court will treat plaintiff's motion as a motion to reconsider under Fed. R. Civ. P. 59(e) and alternative motion for leave to file an amended complaint.

"The Federal Rules of Civil Procedure do not recognize a 'motion to reconsider.' Instead the rules allow a litigant subject to an adverse judgment to file either a motion to alter or amend the judgment pursuant to Fed. R. Civ. P. 59(e) or a motion seeking relief from the judgment pursuant to Fed. R. Civ. P. 60(b)." Van Skiver v. United States, 952 F.2d 1241, 1243 (10th Cir. 1991). Plaintiff's motion was filed within 10 days of the Court's order dismissing his case, so the Court will treat it as a motion to alter or amend judgment under Fed. R. Civ. P. 59(e). Allender v. Raytheon Aircraft Co., 439 F.3d 1236, 1242 (10th Cir. 2006). The Tenth Circuit has stated that "[g]rounds warranting a motion to reconsider include (1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice." Servants of Paraclete v. Does, 204 F.3d 1005, 1012 (10th Cir. 2000). In a Rule 59(e)

motion, a party may not attempt to "revisit issues already addressed or advance arguments that could have been raised in prior briefing." Id.

Plaintiff may not use a motion to reconsider simply to revisit his claim that the Court has diversity jurisdiction over his claims, because the Court has already ruled that Plaintiff's complaint does not contain any allegations that would support diversity jurisdiction in this case. Although plaintiff attempts to provide facts relevant to diversity jurisdiction in this motion, that does not provide the Court any basis to reconsider its order of dismissal. On a motion to dismiss under Fed. R. Civ. P. 12(b)(6), the Court may consider the allegations of the complaint only. Moffett v. Halliburton Energy Services, Inc., 291 F.3d 1231 (10th Cir. 2002). Simply stated, plaintiff's belated attempt to invoke diversity jurisdiction does not provide a basis for the Court to reconsider its order dismissing his complaint.

However, the Court will allow plaintiff an opportunity to amend his complaint. "Dismissal under Rule 12(b)(6) without affording the plaintiff notice or an opportunity to amend is proper only 'when it is 'patently obvious' that the plaintiff could not prevail on the facts alleged, and allowing him an opportunity to amend his complaint would be futile'" Curley v. Perry, 246 F.3d 1278, 1281-82 (10th Cir. 2001) (quoting Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991)). The Court can not conclude that an amendment would be futile. Therefore, plaintiff will be given an opportunity to file an amended complaint to cure the pleading deficiencies noted by the Court in its opinion and order dismissing plaintiff's case.

**IT IS THEREFORE ORDERED** that Delmer B. Garrett's Motion to Vacate the Court's Opinion and Order Dismissing this Instant Case/the Dismissal Amounts to a Denial of Due Process (Dkt. # 49) is **granted in part** and **denied in part**: plaintiff's motion to reconsider is **denied**;

however, plaintiff's motion to file an amended complaint is **granted**.  Plaintiff may file an amended complaint no later than **August 18, 2006**.  However, plaintiff is advised that failure to cure the pleading deficiencies may result in dismissal.

    **DATED** this 8th day of August, 2006.

                                             CLAIRE V. EAGAN, CHIEF JUDGE
                                             UNITED STATES DISTRICT COURT