# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| DELMER B. GARRETT, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 05-CV-0399-CVE-PJC |
| ENDEAVOR ENERGY RESOURCES, LP, and AUTRY STEPHENS, | ) ) ) ) |
| Defendants. | ) ) |

## OPINION AND ORDER

Now before the Court is Defendant Endeavor Energy Resources, LP's Response to the Court's Order to Show Cause (Dkt. # 61). The Court ordered defendant Endeavor Energy Resources, LP ("Endeavor") to show cause why it had not responded to plaintiff's amended complaint filed on December 8, 2006.

Plaintiff originally filed his complaint on July 13, 2005 and, on September 6, 2005, filed a return of service purporting to show that plaintiff served Endeavor on August 21, 2005. When defendant did not file an answer, plaintiff moved for default judgment. The Court denied plaintiff's motion, because the alleged return of service "provide[d] no basis on which to determine whether plaintiff ha[d] properly served defendant. . . ." Dkt. # 7, at 1. Plaintiff properly served defendant by certified mail on October 13, 2005 and, following an extension of time from the Court, Endeavor filed a motion to dismiss on October 28, 2005.[1] Plaintiff filed a motion for summary judgment on November 3, 2005.

---

[1] From October 13, 2005 to October 28, 2005, plaintiff filed a motion to strike Endeavor's motion for extension of time (Dkt. # 14) and a motion to vacate the Court's order granting Endeavor an extension of time to answer (Dkt. #17). The Court denied both motions on the ground that they lacked a legal basis.

On July 28, 2006, the Court granted defendant's motion to dismiss, and the docket shows that the case was closed as of that date. Dkt. # 45. Plaintiff subsequently filed another motion for summary judgment, which the Court denied based on its previous finding that it lacked subject matter jurisdiction over plaintiff's claims. Dkt. # 48. On August 8, 2006, plaintiff filed a motion to vacate.[2] The Court denied the motion to vacate, but gave plaintiff an opportunity to file an amended complaint by August 18, 2006. Instead of filing an amended complaint, plaintiff appealed the Court's opinion and order dismissing his case to the Tenth Circuit. The appeal was dismissed for lack of appellate jurisdiction because, pursuant to 28 U.S.C. § 1291, this Court's decision dismissing plaintiff's complaint was not a final order.[3] Following the Tenth Circuit's ruling, plaintiff filed an amended complaint with this Court on December 8, 2006. Plaintiff also filed a motion for summary judgment on January 4, 2007. Endeavor has not answered the amended complaint or filed a response to plaintiff's motion for summary judgment.

Endeavor argues that the Court's opinion and order dismissing the case closed the case and, until it is further notified by the Court, Endeavor has no duty to respond to plaintiff's filings.[4] Endeavor claims that it has found no case law suggesting that it should have answered plaintiff's amended complaint. It also notes that plaintiff's amended complaint was untimely, because it was

---

[2] The Court treated plaintiff's motion to vacate as a motion to reconsider under Fed. R. Civ. P. 59(e).

[3] Because the Court granted plaintiff permission to file an amended complaint, the Court's opinion and order dismissing the case was not a final order under § 1291. <u>Trotter v. Regents of Univ. of New Mexico</u>, 219 F.3d 1179, 1183 (10th Cir. 2000).

[4] Endeavor states that its research "indicates that there is no pleading which is properly before this Court which would require the Defendant to respond." Dkt. # 61. However, defendant does not include any citations in support of this statement.

2

filed on December 8, 2006, almost four months after the Court's deadline for filing an amended complaint had passed.

After reviewing the case, the Court appreciates the difficulties that plaintiff's procedural miscalculations have caused, but finds that the case should be reopened out of fairness to a pro se litigant. Plaintiff's appeal to the Tenth Circuit was timely, because it was filed within 30 days of the Court's opinion and order. He also filed an amended complaint shortly after the Tenth Circuit dismissed his appeal. The Court must also consider that pro se litigants should be treated liberally, even when they make procedural mistakes or missteps. Steffey v. Orman, 461 F.3d 1218, 1224 (10th Cir. 2006); Odgen v. San Juan County, 32 F.3d 452, 455 (10th Cir. 1994). Plaintiff's amended complaint will not be stricken, and Endeavor should file an answer or Rule 12(b) motion within 20 days from the date this Opinion and Order is filed.

Upon review of the docket, the Court finds that plaintiff has filed three motions for summary judgment. Dkt ## 24, 46, 57. Local rules of civil procedure permit each party to file one motion for summary judgment per case, unless a party obtains leave of court to file a second motion for summary judgment. See LCvR 56.1(a) ("Absent leave of Court, each party may file only one motion under Fed. R. Civ. P. 56."). Therefore, plaintiff's third motion for summary judgment (Dkt. # 57) should be stricken, because plaintiff did not obtain leave of court to file this motion.

**IT IS THEREFORE ORDERED** that Delmer B. Garrett's Motion for Summary Judgment F.R. Civ. P. r. 56 [sic] and Brief in Support (Dkt. # 57) is **stricken**.

**IT IS FURTHER ORDERED** that defendant is ordered to respond to plaintiff's amended complaint (Dkt. # 56) **by March 5, 2007**. **The Court Clerk is hereby directed to reopen this case.**

**DATED** this 12th day of February, 2007.

*/s/ Claire V. Eagan*
CLAIRE V. EAGAN, CHIEF JUDGE
UNITED STATES DISTRICT COURT